UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE MIGUEL CANDELARIO
ORTIZ,

       Petitioner,

    v.                        Case No.:  2:26-cv-01410-SPC-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH *et al.*,

       Respondents,

_____/

## **OPINION AND ORDER**

Before the Court are Jose Miguel Candelario Ortiz's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Candelario Ortiz's reply (Doc. 8).  For the below reasons, the Court grants the petition.

Candelario Ortiz is a native and citizen of the Dominican Republic who entered the United States without inspection in 1996.  He has no criminal history.  On April 9, 2026, Immigration and Customs Enforcement arrested Candelario Ortiz and issued a notice to appear.  He is currently detained at Alligator Alcatraz without an opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Candelario Ortiz.  The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a

bond hearing before an immigration judge.  Candelario Ortiz asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing.  As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025).  The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile.  And like the petitioners in those cases, Candelario Ortiz's detention is governed by § 1226(a), not § 1225(b)(2).  *See Hernandez Alvarez v. Warden*, --- F.4th ---, 2026 WL 1243395 (11th Cir. 2026).  As a noncitizen detained under § 1226(a), Candelario Ortiz has a right to a bond hearing.  *See id*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under §

2

1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Candelario Ortiz before an immigration judge for an individualized bond hearing within ten days or release him.  To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Candelario Ortiz's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.  The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements.  But, to be clear, subjecting Candelario Ortiz to mandatory detention under § 1225(b)(2) is unlawful.  If the respondents are unable to ensure Candelario Ortiz receives a bond hearing that complies with this Order within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Jose Miguel Candelario Ortiz's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)     Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Candelario Ortiz for an individualized bond hearing before an immigration judge or (2) release Candelario Ortiz under reasonable conditions of supervision.   If the respondents release Candelario Ortiz, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 12, 2026.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

SA: FTMP-1
Copies:  All Parties or Record